UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM BEAR ROBE,<br><br>    Defendant. | 5:19-CR-50077-JLV<br><br>AMENDED REPORT AND RECOMMENDATION |

## INTRODUCTION

Defendant William Bear Robe is before the court on a four-count second superseding indictment charging him with aggravated sexual abuse of a minor (in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(B) and (D)), and with abusive sexual contact (in violation of 18 U.S.C. §§ 1153, 2241(c), 2244(a)(5), and 2246(3)).  Now pending before the court are two motions by Mr. Bear Robe seeking the dismissal of three of the four counts against him on differing theories.  See Docket Nos. 111 and 113.  The government opposes both motions.  See Docket Nos. 116, 117, & 129.  This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Jeffrey L. Viken, United States District Court Judge.

## FACTS

The facts which are pertinent to the pending motions are as follows.  The government charges Mr. Bear Robe with criminal sexual acts with the same

under-age-12 minor child in each of the four counts of the second superseding indictment. See Docket No. 124. All four counts allege the criminal acts between Mr. Bear Robe and the minor child took place between April 11, 2012, and October 25, 2012, in Oglala, in Indian country, in the District of South Dakota. Id.

At the time Mr. Bear Robe filed the instant motions, the applicable charging document was Docket No. 89. After he filed his motions, the government replaced the charging document at Docket No. 89 with a second superseding indictment at Docket No. 124. Counts 1, 3, and 4 of both charging documents remained identical, but the government substantially revised the charge alleged in count 2. Counsel for both parties then submitted supplemental briefing on the effect of the revision of count 2 on the arguments presented in the motion to dismiss for multiplicity. See Docket Nos. 128, 129, and 132. Because any irregularities with count two as contained in Docket No. 89 are now moot, the court addresses only the arguments that continue to present a live case and controversy as to the currently applicable charging document at Docket No. 124.

The government's charges as they now appear are as follows:

### Count I

On or about between April 11, 2012, and October 25, 2012, in Oglala, in Indian country, in the District of South Dakota, the defendant, William Bear Robe, an Indian person, did knowingly engage and attempt to engage in a sexual act, that is: the intentional contact between the penis and the vulva, not through the clothing, of [minor child], a child who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or

arouse or gratify the sexual desire of any person, all in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).

### Count II

On or about between April 11, 2012, and October 25, 2012, in Oglala, in Indian country, in the District of South Dakota, the defendant, William Bear Robe, an Indian person, did knowingly engage in and cause and did attempt to knowingly engage in and cause sexual contact with [minor child], that is: the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of [minor child] a child who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, all in violation of 18 U.S.C. §§ 1153, 2241(c), 2244(a)(5), and 2246(3).

### Count III

On or about between April 11, 2012, and October 25, 2012, in Oglala, in Indian country, in the District of South Dakota, the defendant, William Bear Robe, an Indian person, did knowingly engage and attempt to engage in a sexual act, that is: contact between the penis and the mouth with [minor child], a child who had not attained the age of 12 years, all in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(B).

### Count IV

On or about between April 11, 2012, and October 25, 2012, in Oglala, in Indian country, in the District of South Dakota, the defendant, William Bear Robe, an Indian person, did knowingly engage and attempt to engage in a sexual act, that is: the intentional touching, not through the clothing, of the genitalia of [minor child], a child who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, all in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).

Docket No. 124 at pp. 1-2.

Each of the four counts of the indictment allege the same multi-month time frame for the acts. Id. The government clarifies in its response in opposition to Mr. Bear Robe's motions that there were three separate occasions

3

when Mr. Bear Robe is alleged to have committed his criminal acts. See Docket No. 117 at p. 5. Counts I and IV occurred on the same evening, but the government asserts they were distinct and separate acts. Id. at n.1. In the minor child's forensic interview, the government states she indicated that Mr. Bear Robe removed her clothes on the night in question and touched her bare vagina—the basis for count IV. Id. at p. 5. The government also asserts the minor child stated Mr. Bear Robe then got on top of her and attempted to put his "thing" in her vagina—the basis for count I. Id. at p. 6.

Because the allegations in the second superseding indictment allegedly occurred on three separate occasions, and because the government has clarified that count I and count IV occurred on the same evening, it follows that counts II and III constitute two other separate occasions and that count I is alleged to have occurred on a different day than count II.

Mr. Bear Robe moves to dismiss count IV because it fails to state an offense, the statutes cited are ambiguous, and the rule of lenity dictates that count IV be dismissed on that ground. See Docket No. 111. Mr. Bear Robe moves to dismiss counts I, II and IV on the grounds that they are multiplicitous. Docket No. 113. As indicated, the government opposes these motions.

## DISCUSSION

**A.     Multiplicity**

"An indictment is multiplicitous if it charges the same crime in separate counts." United States v. Platter, 514 F.3d 782, 785 (8th Cir. 2008) (citing

4

United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005)). "The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment." Id. (quoting United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir. 2004)). "If the same statutory offense is charged twice, the operative 'question is whether the facts underlying each count were intended by Congress to constitute separate units of prosecution.' " Id. (quoting Ansaldi, 372 F.3d at 124). See also United States v. Grimes, 702 F.3d 460, 468 (8th Cir. 2012) (same).

Where the two counts charge violations of the *same* statutory provision, the court is required to decide "whether Congress intended to punish . . . a course of conduct . . . or whether Congress sought to punish separately individual acts." Grimes, 702 F.3d at 468 (quoting Chipps, 410 F.3d at 448). If the statute punishes only a course of conduct, courts "apply the so-called 'impulse test' " to "determine how many courses of conduct [the defendant] undertook." Id. (citing Chipps, 410 F.3d at 449). "Under the impulse test, we 'treat[] as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single 'impulse.' " Id. quoting Chipps, 410 F.3d at 449). "In making this determination, we may 'look to the statutory language, legislative history, and statutory scheme to ascertain what Congress intended the unit of prosecution to be," resolving any doubt in favor of the defendant. Id. (quoting Chipps, 410 F.3d at 448).

Where, however, the two charges in question charge violations of different statutory provisions or different subdivisions of the same statute, the relevant inquiry is *not* the impulse test, but rather the Blockburger test: the court asks whether each count requires proof of a fact which the other does not. United States v. Bernhardt, 903 F.3d 818, 825 (8th Cir. 2018). If each count "has at least one unique element, the two counts are not multiplicitous." Id.

    **1.**    **Counts I and II**

Counts I and II as now presented charge violations of different statutes. Count I asserts a violation of §§ 2241(c) and 2246(2)(D) based on an allegation of intentional contact, or attempted intentional contact, between Mr. Bear Robe's penis and the minor child's vulva not through the clothing. See Docket No. 124 at p. 1. Count II asserts a violation of §§ 2241(c), 2244(a)(5), and 2246(3) based on an allegation that Mr. Bear Robe engaged or attempted to engage in intentional touching of one of several areas of the minor child's body either directly or through the clothing. Id. at pp. 1-2. Even on the face of it, the two counts differ because count I alleges direct skin-on-skin contact while count II alleges contact that was either direct or through the clothing. Id. They also rely, in part, on different statutory provisions. Id.

Section 2241(c) makes it a crime to knowingly engage or attempt to engage in a "sexual act" with a person under the age of 12 in the special territorial jurisdiction of the United States. See 18 U.S.C. § 2241(c). The reference to § 2246 merely points to the definition of "sexual act" the

6

government relies on in count I.  The "sexual act" alleged in connection with § 2241(c) is direct intentional touching of the genitalia of another person with the intent to abuse, humiliate, harass, degrade or arouse or gratify the sexual desire of any person.  See § 2246(2)(D).  Thus, count I alleges Mr. Bear Robe directly touched the minor victim's vulva with his penis.

Count II also alleges a violation of § 2241(c), but adds an allegation that § 2244(a)(5) was violated.  See Docket No. 124 at p. 2.  Here, the government points to the definition at § 2246(3) to clarify what is being alleged.  Section 2244(a)(5) makes it a crime to engage or cause sexual contact with another person in the territorial jurisdiction of the United States if the sexual contact had been a sexual act.  See 18 U.S.C. § 2244(a)(5).  "Sexual contact" is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.  See 18 U.S.C. § 2246(3).

Section 2246(3) makes no reference to the age of the victim.  The definition of "sexual act" as used in count I *does* include a requirement that the victim be a minor.  Compare 18 U.S.C. § 2246(1)(D), with § 2246(3).  Thus, the act alleged in count II is a crime that involves either direct contact or over-the-clothing contact of a victim's sensitive bodily areas where the victim is also a minor child.  Under the Blockburger test, then, there is an element that *could be* unique under count II that is not present in count I—touching the minor child over the clothing as opposed to direct skin-on-skin contact.

The government asserts its evidence will show that the charged conduct in counts I and II occurred on two separate occasions. Docket No. 117 at pp. 5-6. Mr. Bear Robe now concedes that, under the government's second superseding indictment, counts I and II no longer present a multiplicity problem on their face unless the facts adduced at trial reveal that only one incident occurred in support of both counts. Docket No. 128 at p. 4. The government asserts its evidence will show the conduct alleged in count I occurred on a separate occasion from the conduct alleged in count II. Docket No. 117 at pp. 5-6. As such, the court recommends denying Mr. Bear Robe's motion to dismiss count I and II as multiplicitous.

### 2. Counts I and IV

Counts I and IV of the second superseding indictment allege violations of the same exact statute and subsections of those statutes. See Docket No. 124 at pp. 1-2. Count I alleges direct intentional contact between Mr. Bear Robe's penis and the child victim's vulva. Id. at p. 1. Count IV alleges direct intentional touching of the child victim's genitalia by Mr. Bear Robe. Id. at p. 2. Mr. Bear Robe argues that "genitalia" as used in § 2246(2)(D) includes only reproductive organs, not the anus. Docket No. 114 at p. 4 (citing 18 U.S.C.. § 2256(2)(A)(v)). Therefore, count IV must refer to Mr. Bear Robe's touching of the child victim's vulva, the same act alleged in count I under the same statutes.

The government admits that count I and count IV occurred on the same evening, but clarifies that the conduct alleged in count I was Mr. Bear Robe

attempting to insert his penis into the minor child's vulva while count IV alleges Mr. Bear Robe touched the minor victim's vulva with his hand. Docket No. 117 at pp. 5-6. The government relies on United States v. Two Elk, 536 F.3d 890, 898-99 (8th Cir. 2008), and United States v. Bercier, 506 F.3d 625 (8th Cir. 2007), in support of its argument that two charges for the described alleged conduct is not multiplicitous.

To reiterate, where two counts charge violations of the *same* statutory provision, the court is required to decide "whether Congress intended to punish . . . a course of conduct . . . or whether Congress sought to punish separately individual acts." Grimes, 702 F.3d at 468 (quoting Chipps, 410 F.3d at 448). The applicable test here as to counts I and IV is the "impulse test," not the Blockburger test. Id. (citing Chipps, 410 F.3d at 449). "Under the impulse test, we 'treat as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single 'impulse.' " Id. quoting Chipps, 410 F.3d at 449). "In making this determination, we may 'look to the statutory language, legislative history, and statutory scheme to ascertain what Congress intended the unit of prosecution to be," resolving any doubt in favor of the defendant. Id. (quoting Chipps, 410 F.3d at 448).

In Two Elk, the defendant was charged with two counts of violating § 2241(c) based on injuries to the minor victim's vagina and rectum. Two Elk, 536 F.3d at 894-95. The injuries were alleged to have been inflicted on a single occasion—the late evening of October 15 or early morning hours of October 16.

9

Id. The defendant confessed to having vaginal and anal sex with the minor victim, lasting from 5 to 10 minutes total. Id. at 895.

Two Elk alleged that the two counts were multiplicitous and that he should have only been charged with one count of violating § 2241(c). Id. at 897. The court noted that count I charged Two Elk with contact between his penis and the minor victim's vulva, while count II charged contact between his penis and the minor victim's anus. Id. at 898. The court noted "sexual act" as used in § 2241(c) included contact between a defendant's penis and the victim's vulva and also contact between a defendant's penis and the victim's anus. Id. (citing §§ 2241(c) and 2246(2)(A)). The court articulated the issue before it as the determination of "how many sex crimes . . . a defendant commit[s] when he inflicts a series of distinct sexual offenses on the victim during a single incident[.]" Id. (quoting Bercier, 506 F.3d at 634).

In order to answer the question, the court was required to determine whether aggravated sexual abuse under § 2241(c) was a "course of conduct offense or a separate-act offense." Id. (quoting Chipps, 410 F.3d at 449). If the statute charged a "course of conduct offense," then the "impulse" test would be applied to determine whether the defendant's conduct arose from a "singleness of thought, purpose or action, which may be deemed a single 'impulse.' " Id. at 899 (quoting Chipps, 410 F.3d at 449). If Congress intended to create a "separate-act offense," however, the court stated that no Double Jeopardy problem was raised. Id.

Relying on the statute's use of the phrase "*a* sexual act," the court readily concluded that § 2241(c) created a "separate-act offense." Id. (emphasis added). The court pointed out Congress had not used the words "sexual act or acts" nor had Congress used the words "sexual course of conduct." Id. Furthermore, the court noted the definition of "sexual act" in § 2246(2) described separate sexual acts and they were linked in the disjunctive. Id. The court concluded it was clear "that engaging in multiple sexual acts (as listed in § 2246(2)) would amount to multiple violations of § 2241(c) and would leave the perpetrator susceptible to multiple punishments thereunder." Id.

The Two Elk case is dispositive here. Mr. Bear Robe is charged under the exact same statute and the exact same subdivision of that statute as the defendant in Two Elk was: 18 U.S.C. § 2241(c). The government alleges the two acts (contact between Mr. Bear Robe's penis and the victim's vulva and contact between Mr. Bear Robe's hand and the victim's vulva) occurred on the same evening. But § 2241(c) is a "separate-act offense" which permits such charging decisions without raising any Double Jeopardy issues. Two Elk, 536 F.3d at 899. Therefore, under Two Elk, no multiplicity issues arise from charging Mr. Bear Robe with separate counts for his commission of separate "sexual acts" against the minor child. The court recommends denying Mr. Bear Robe's motion to dismiss count I or count IV as multiplicitous.

**B.     Failure to State a Crime**

Mr. Bear Robe also moves to dismiss count IV on the grounds that the second superseding indictment fails to allege a crime in that count. Docket

11

No. 111. Mr. Bear Robe argues that the definition of "a sexual act" referenced in the second superseding indictment—found at § 2246(2)(D)—references a victim "who has not attained the age of 16 years," but the second superseding indictment alleges a victim under the age of 12. He asserts this creates ambiguity and confusion and should result in dismissal of count IV.

But § 2246 is *not* the statute which contains the substantive crime which count IV alleges Mr. Bear Robe has committed. The operative statute under which he is charged is § 2241(c). See Docket No. 124 at p. 2. Under § 2241(c), it is a crime to commit a sexual act with "a person who has not attained the age of 12 years" (in the special territorial jurisdiction of the United States). 18 U.S.C. § 2241(c). Thus, in order to correctly state a crime in count IV under § 2241(c), the second superseding indictment *must* allege the victim was under the age of 12. Otherwise, if the indictment alleged the victim was less than 16 years old, no crime would be alleged under § 2241(c).

The second superseding indictment references § 2246(2)(D) merely to define *what* "sexual act" of several different varieties of "sexual act" is alleged. The sexual act the second superseding indictment alleges Mr. Bear Robe committed in count IV was "the intentional touching, not through the clothing, of the genitalia" of the minor victim. The fact that the definition of this type of "sexual act" is broader that the type of sexual act criminalized under § 2241(c) (i.e., the definition includes victims between the ages of 12-15 while § 2241(c) does not), does not create ambiguity or confusion. The jury must be instructed that they have to find the minor victim was under the age of 12 in order to

convict Mr. Bear Robe of count IV.  The indictment must allege this fact as well.

An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and it must "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."  FED. R. CRIM. P. 7(c)(1).  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution."  United States v. Carter, 270 F.3d 731, 736 (8th Cir. 2001).  Count IV of the second superseding indictment is a legally sufficient statement of the charge of violating § 2241(c).  Accordingly, the court recommends Mr. Bear Robe's motion to dismiss count IV be denied.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this magistrate judge respectfully recommends denying in their entirety Mr. Bear Robe's motions to dismiss [Docket Nos. 111 & 113].

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 27th day of October, 2021.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge