UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>  vs.<br><br>WILLIAM BEAR ROBE,<br><br>          Defendant. | CR. 19-50077-JLV<br><br>ORDER |

**INTRODUCTION**

Pending before the court are defendant's motions to dismiss counts I and IV as multiplicitous and to dismiss count IV for failure to state an offense. (Dockets 111 & 113).   The government opposes both motions.   (Dockets 116 & 117).   Pursuant to 28 U.S.C. § 636(b)(1)(B) and the court's October 14, 2014, standing order, defendant's motions were referred to Magistrate Judge Veronica L. Duffy for a report and recommendations.   After the defendant filed his motions, a grand jury issued a second superseding indictment.   (Docket 124).   The magistrate judge ordered supplemental briefing.   (Docket 126). Following the parties' supplemental briefing, the magistrate judge issued an amended report and recommendation ("R&R").   (Docket 135).   The magistrate judge recommended defendant's motions be denied.   Id. at p. 13.   Defendant timely filed objections to the R&R.   (Docket 137).   For the reasons stated below, defendant's objections are granted in part and denied in part and the R&R is adopted in part and rejected in part consistent with this order.

**DEFENDANT'S OBJECTION**

Defendant filed two objections to the R&R.   <u>Id.</u>   Those objections are summarized as follows:

      1.    Multiplicity challenges to the indictment must be examined in light of the language of the indictment and not the government's factual assertions; and

      2.    Count IV fails to state a cause of action.

<u>Id.</u> at pp. 1-2 & 6.

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   <u>Id.</u>   The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>   <u>See</u> <u>also</u> Fed. R. Crim. P. 59(b)(3).   The court completed a *de novo* review of those portions of the R&R to which objections were filed.

For the reasons given below, the defendant's objections are granted in part and denied in part and the R&R is adopted in part and rejected in part consistent with this order.

**ANALYSIS**

The defendant did not object to the magistrate judge's statement of fact in the R&R.   (Docket 137 at p. 1) (referencing Docket 135 at pp. 1-2).   The court adopts the R&R's brief statement of facts.   (Docket 135 at pp. 1-2).

While Mr. Bear Robe asserted a number of challenges to the first amended indictment, some of those challenges were resolved by the second superseding indictment (identified as the "indictment") and withdrawn by the defendant in his objections to the R&R.   See id. at pp. 2 & 3).   The only two counts of the indictment to which Mr. Bear Robe continues his objections relate to counts I and IV.   Id.   Each of those objections will be separately addressed.

    1.   MULTIPLICITY CHALLENGES TO THE INDICTMENT MUST BE EXAMINED IN LIGHT OF THE LANGUAGE OF THE INDICTMENT AND NOT THE GOVERNMENT'S FACTUAL ASSERTIONS

Mr. Bear Robe objects to the magistrate judge's consideration of the government's "explanation underlying the alleged factual occurrences that are the subject of Count I and IV."   (Docket 137 at p. 3).   Defendant argues "[t]he question is whether the allegations as stated in Counts I and IV . . . are multiplicitous not whether the allegations as now sought to be clarified by the prosecution are multiplicitous."   Id. at p. 4.   Mr. Bear Robe also objects to the magistrate judge's application of United States v. Two Elk, 536 F.3d 890 (8th Cir. 2008), in concluding counts I and IV "are not multiplicitous."   Id. at p. 5.

In addressing defendant's objections to the R&R, the indictment, in relevant part, charges Mr. Bear Robe with the following criminal offenses.

Count I

On or about between April 11, 2012, and October 25, 2012, in Oglala, in Indian country, in the District of South Dakota, the

3

defendant, William Bear Robe, an Indian person, did knowingly engage and attempt to engage in a sexual act, that is: the intentional contact between the penis and the vulva, not through the clothing, of [C.R.N.], a child who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, all in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).
. . . and

                              Count IV

On or about between April 11, 2012, and October 25, 2012, in Oglala, in Indian country, in the District of South Dakota, the defendant, William Bear Robe, an Indian person, did knowingly engage and attempt to engage in a sexual act, that is: the intentional touching, not through the clothing, of the genitalia of [C.R.N.], a child who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, all in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D).

(Docket 124 at pp. 1-2)

In its response to the defendant's motions to dismiss, the government's pre-R&R submission asserts counts I and IV occurred during the same evening, but that "they were distinct and separate acts."  (Docket 135 at p. 4) (referencing Docket 117 at p. 5 n.1).  The government contends the first act C.R.N. reported that night was Mr. Bear Robe removing the child's clothing and touching "her bare vagina—the basis of count IV."  Id. (referencing Docket 117 at p. 5).  The magistrate judge accepted the government's representation that its evidence would prove for purposes of count IV that "Mr. Bear Robe touched [C.R.N.'s] vulva with his hand."  Id. at p. 9 (referencing Docket 117 at pp. 5-6).  According to the government, the second sexual act the same night

was Mr. Bear Robe getting on top of C.R.N. and attempting "to put his 'thing' in her vagina—the basis for count I." Id. (referencing Docket 117 at p. 5). Count I is clear that Mr. Bear Robe is accused of engaging in "intentional contact between [his] penis and [C.R.N.'s] vulva." See Docket 124 at p. 1.

Concluding § 2241(c) implicates "separate-act offense[s]," the magistrate judge found no double jeopardy issue exists between counts I and IV. Id. at p. 11 (citing Two Elk, 536 F.3d at 899). Accepting the rationale of Two Elk, the magistrate judge concluded "no multiplicity issues arise from charging Mr. Bear Robe with separate counts for his commission of separate 'sexual acts' against the minor child." Id.

"The Double Jeopardy Clause of the Fifth Amendment states that '[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb.' " United States v. Plenty Chief, 561 F.3d 846, 851 (8th Cir. 2009) (citing U.S. Const. amend. V). The Double Jeopardy Clause prohibits "the imposition of multiple punishments for the same criminal offense." Two Elk, 536 F.3d at 898 (internal quotations, alteration, and citation omitted).

The multiplicity doctrine bars prosecution of crimes that violate the Double Jeopardy Clause.

> An indictment is multiplicitous if it charges the same crime in two counts. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. Unless the two offenses each contain an element not found in the

other, they are the same offense and double jeopardy bars additional punishment.

United States v. Bernhardt, 903 F.3d 818, 825 (8th Cir. 2018) (internal quotations and citations omitted). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." Plenty Chief, 561 F.3d at 851–52 (internal quotations and citation omitted). See also United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005) (To show multiplicity, "a defendant must show that the two offenses charged are in law and fact the same offense.") (internal quotation omitted).

Both counts I and IV charge aggravated sexual abuse of a minor in violation of 18 U.S.C. §§ 2241(c) and 2246(2)(D). (Docket 124 at pp. 1& 2). Mr. Bear Robe is accused of violating § 2241(c) which provides:

> Whoever . . . in the . . . territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

18 U.S.C. § 2241(c). The sexual act described in count I is "the intentional contact between [Mr. Bear Robe's] penis and [C.R.N.'s] vulva, not through the clothing." (Docket 124 at p. 1).

While penetration of an assailant's penis into a victim's vulva, however slight, is a "sexual act" described in § 2246(2)(A), count I charges a violation of § 2246(2)(D), that is the "sexual act" involving "the intentional touching, not

through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." Compare 18 U.S.C. § 2246(2)(D) & Docket 124 at p. 1.   In other words, "intentional contact between [the defendant's] penis and [C.R.N.'s] vulva, not through not through the clothing" without an allegation of penetration required by § 2246(2)(A). (Docket 124 at p. 1).

Count IV is less clear as how the sexual act was accomplished.   The language of count IV asserts Mr. Bear Robe "engage[d] and attempt[ed] to engage in a sexual act, that is: the intentional touching, not through the clothing, of the *genitalia* of [C.R.N.], a child who had not attained the age of 12 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, all in violation of 18 U.S.C. §§ . . . 2241(c), and 2246(2)(D)."   (Docket 124 at p. 2) (emphasis added).   In other words, Mr. Bear Robe is accused of using some part of his body to intentionally touch the child's genitalia, not her vulva.

"The criminal acts charged in the indictment are anatomically specific." United States v. No Neck, 472 F.3d 1048, 1052 (8th Cir. 2007) (referencing United States v. Plenty Arrows, 946 F.2d 62, 65 (8th Cir. 1991)).   "The definition of 'sexual act' contained in section 2246(2)(D) is not . . . specific—it merely requires the government to prove the 'intentional touching, not through the clothing, of the genitalia of another person.' " Id. at 1052 n.3.   "Section

2246(2)(D) does not require the government to prove specifically that [the defendant] used his hand[].”  Id. at 1053.   “[W]hile abusive sexual contact may be a lesser included offense [to aggravated sexual abuse] when a single criminal event is involved, aggravated sexual abuse is a different crime, and each [subsection of § 2246(2)] may be violated during a series of distinct criminal acts.”  Plenty Chief, 561 F.3d at 852 (citing United States v. Bercier, 506 F.3d 625, 633-34 (8th Cir. 2007)).

Defendant acknowledges that a female’s “vagina and . . . vulva are not the same thing[.]”  (Docket 137 at p. 3).   “Various sex acts within a single course of conduct . . . [are] separate offenses.”  Plenty Chief, 561 F.3d at 853 (citing Two Elk, 536 F.3d at 899).   While Bercier and Two Elk were plain error review cases, the district court does not commit error when it refuses to dismiss these two distinct counts, counts I and IV, “on the basis of double jeopardy.”  Id.

Defendant’s first objection to the R&R is overruled.

2.    COUNT IV FAILS TO STATE A CAUSE OF ACTION

Defendant argues because count IV alleges the minor was less than 12 years of age as opposed to less than 16 years of age, the charge fails to state a cause of action.   (Docket 137 at p. 6).   Defendant acknowledges that “[t]he magistrate is correct to allege in an offense under section 2241(c) an indictment must allege the victim is under the age of 12.”  Id. (referencing Docket 135 at p. 12).   Because the government chose subsection D of

8

§ 2246(2), which references 16 years of age, as the sexual act for the offense charged in count IV, defendant contends there are "[n]o grounds . . . to amend this statute in the indictment to an age of 12." Id. "Because the indictment ignores language in section 2246(2)(D) defining the sexual act with which the prosecution chose to charge Bear Robe, it necessarily does not . . . constitute a legally sufficient indictment." Id. at p. 7. On this basis, Mr. Bear Robe believes the R&R should be rejected and count IV should be dismissed. Id. (referencing Docket 135 at p. 13).

Section 2246 is a definitions statute describing what constitutes a sexual act. It does not establish the punishment for committing a sexual act, § 2241(c) does that. Section 2241(c) is the operative statute which defines the substantive crime.

> Whoever . . . in the . . . territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years . . . or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

18 U.S.C. § 2241(c).

The court disagrees with the magistrate judge's conclusion that "Count IV . . . is a legally sufficient statement of the charge of violating § 2241(c)." (Docket 135 at p. 13). The magistrate judge mistakenly concluded the sexual act alleged in count IV was adequately stated. The indictment properly cited

§ 2246(2)(D) but conflated the age requirement from 16 to 12 years of age. There is no legal basis to amend § 2246(2)(D) to 12 years of age. Count IV does not constitute a legally sufficient offense.

The R&R must be rejected on this issue. Count IV must be dismissed. Defendant's second objection to the R&R is granted.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's objection (Docket 137) is granted in part and denied in part.

IT IS FURTHER ORDERED that the report and recommendation (Docket 135) is adopted in part and rejected in part consistent with this order.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket 111) is granted.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket 113) is denied.

IT IS FURTHER ORDERED that count IV of the second superseding indictment (Docket 124) is dismissed without prejudice.

IT IS FURTHER ORDERED that a scheduling order shall be issued forthwith.

Dated January 11, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

10